UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JESSICA S. ABEYTA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 3:18-cv-00386** |
| v. ) | |
| ) | **Chief Judge Crenshaw** |
| **STONECREST MEDICAL CENTER,** ) | **Magistrate Judge Brown** |
| *et al.*, ) | |
| ) | |
| Defendants. | |

## DENIAL OF ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Entry of Default Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Entry of Default Judgment Pursuant to Rule 55(b) as to Defendants Harold Andrew Sloas, III, Bonnie Bingham, and Melissa Trembley. (Doc. No. 36).

The Clerk finds that entry of default against these Defendants is not appropriate at this time. First, under the Servicemembers Civil Relief Act (SCRA), a plaintiff must submit an affidavit stating whether the defendant is in military service or stating that the plaintiff is unable to determine whether the defendant is in military service. 50 U.S.C. § 3931(b)(1)(A)(B). Plaintiff has not submitted an affidavit of military service as to each Defendant as is required by the SCRA. In addition, Plaintiff has not submitted an affidavit stating that each Defendant is not an infant or incompetent person. *See United States v. Herzberg*, No. 1:11-cv-150, 2012 WL 523651, at *3 (E.D. Tenn. Jan. 25, 2012); *Broadcast Music*, *Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009).

In addition, a Notice of Appearance was filed on behalf of Defendants Bingham and Trembly on February 21, 2019. (Docs. No. 33, 34). As of March 28, 2019, no answer or other pleading had been filed on behalf of these Defendants and, by Order entered on that same date, the

1

Magistrate Judge ordered counsel for these Defendants to "file some explanation of the delay and appropriate pleadings at once." (Doc. No. 37). Defendants Bingham and Trembley promptly filed a motion to dismiss (Doc. No. 38), evidencing their intent to defend against this action.

Furthermore, it is unclear whether Defendant Sloas has been properly served in this matter. (*See* Doc. Nos. 37, 40, 41, and 42).

Accordingly, the Clerk declines to enter default as to Defendants Harold Andrew Sloas, III, Bonnie Bingham, and Melissa Trembley. Therefore, Plaintiff's Motion for Entry of Default Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure as to these Defendants (Doc. No. 36) is **DENIED.**

Having denied the entry of default, the Court cannot consider Plaintiff's request for a default judgment as the entry of default is a prerequisite to a default judgment. *See Disney Enters., Inc. v Kathy Farmer*, 427 F. Supp.2d 807, 814-15 (E.D. Tenn. 2006) (obtaining a default judgment is a two step process; once the Clerk has entered a default, the moving party may then seek entry of a default judgment).

_____
Vicki R. Kinkade
Acting Clerk of Court