IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSICA ABEYTA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00386 |
| ) | Chief Judge Crenshaw/Frensley |
| STONECREST MEDICAL CENTER, ) | |
| et al., ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

### I.
### INTRODUCTION AND BACKGROUND

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket No. 60.[1] In support of their Motion, Defendants have additionally filed a supporting Memorandum of Law (Docket No. 61) and a Statement of Undisputed Material Facts (Docket No. 62).

On November 15, 2019, Plaintiff filed a Motion seeking an extension of time in which to respond to the instant Motion. Docket No. 64. The Court granted Plaintiff's request for an extension of time, giving Plaintiff until January 17, 2020 to file a response. Docket No. 65. Despite this extension, Plaintiff has not responded to the instant Motion or Statement of Undisputed Material Facts, nor has she filed her own Statement of Undisputed Material Facts.

On April 23, 2018, Plaintiff filed her Complaint in this pro se, in forma pauperis action asserting claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

---

[1] The instant Motion was originally filed by Defendants HCA Health Services of Tennessee, Inc. d/b/a/ TriStar StoneCrest Medical Center ("Stonecrest"), Melissa Trombley, R.N., and Bonnie Bingham, R.N. Docket No. 60. Defendant Andrew Sloas, M.D. subsequently filed a Motion to join Defendants' Motion, which the Court granted. *See* Docket Nos. 63, 65. Thus, all named, served Defendants are parties to the instant Motion.

12182 (a); Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; and state tort law. Docket No. 1. The allegations of Plaintiff's Complaint are comprehensively recounted in Judge Trauger's Order granting Plaintiff's in forma pauperis status; they are accordingly incorporated herein. *See* Docket No. 7.

Defendants argue that they are entitled to summary judgment for the reasons that follow. Docket Nos. 60, 61. First, Defendants argue that Plaintiff's claims are time-barred because she alleges wrongdoing on April 20, 2017 but filed her Complaint in this matter on April 23, 2018 (after the one-year statute of limitations). *Id.* Defendants next argue that Plaintiff's state tort law claims are subject to dismissal because Plaintiff failed to comply with the express provisions of the Tennessee Health Care Liability Act ("THCLA"), Tenn. Code Ann. § 29-26-121, *et seq. Id.* Defendants further argue that, should Plaintiff be attempting to bring claims for conduct that allegedly occurred on April 21, 2017, the Complaint fails to adequately plead such claims pursuant to Fed. R. Civ. P. 8 and 9(f). *Id.*

In joining the Motion For Summary Judgment, Defendant Howard Andrew Sloas, MD ("Dr. Sloas") additionally argues that Plaintiff's claims under the ADA and Rehabilitation Act are barred by the applicable statute of limitations and even if timely, are subject to dismissal as individual defendants cannot be held liable under the ADA or the Rehabilitation Act. Docket No. 63.

As noted, Plaintiff has not responded to the instant Motion or Statement of Undisputed Material Facts, nor has she filed her own Statement of Undisputed Material Facts.

For the reasons discussed below, the undersigned finds that there are no genuine issues as to material fact and Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motions for Summary Judgment (Docket No. 60; 63)

2

Case 3:18-cv-00386   Document 68   Filed 06/09/20   Page 2 of 12 PageID #: 598

be GRANTED and that this action be DISMISSED WITH PREJUDICE.

## II.
## UNDISPUTED FACTS[2]

The Complaint alleges claims related to health care services Plaintiff received from Defendant health care providers at StoneCrest on April 20, 2017. Docket No. 1, pp. 4-6; StoneCrest Medical Records. The Complaint was filed on April 23, 2018. *Id.*

Plaintiff did not send pre-suit notice to Defendants before filing the instant action as required by Tenn. Code Ann. § 29-26-121. *See* Docket No. 1, no pre-suit notice attached. Plaintiff did not file a Certificate of Good Faith with the Complaint. *See* Docket No. 1, no Certificate of Good Faith attached.

## III.
## LAW AND ANALYSIS

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the instant Motion on October 17, 2019. Docket No. 60. As noted, Plaintiff was granted an extension of time until January 17, 2020, in which to file her response to the instant Motion. Docket No. 65. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

---

[2] Unless otherwise noted, the following facts are in a form required by the Fed. R. Civ. P. 56 and are undisputed.

3

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Undisputed Facts or file her own Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

4

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

A district court may exercise its discretion to grant summary judgment *sua sponte* as long as "the losing party was on notice that it had to come forward with all of its evidence

[and had a] reasonable opportunity to respond to all the issues to be considered by the court." *Bennett v. City of East Pointe*, 410 F. 3d 810, 816 (6th Cir. 2005)(quoting *Shelby County Health Care Corp. v. S. Council of Industrial Workers Health and Welfare Trust Fund*, 203 F. 3d 926, 931 (6th Cir. 2000)).

In the instant case, based upon the multiple motions for summary judgment, the Parties were on notice that all the issues in this action were before the Court and there is no evidence that either party lacks sufficient time to gather and present its evidence. In fact, the Plaintiff was afforded additional time to respond to the dispositive motions but failed to do so.

### D. The Case at Bar

#### 1. Statute of Limitations

Plaintiff alleges claims under Title III of the ADA, Section 504 of the Rehabilitation Act, and state tort law. Docket No. 1. As Judge Trauger observed in her Memorandum Opinion and accompanying Order entered July 18, 2018, Plaintiff's ADA and Rehabilitation Act claims are subject to Tennessee's one-year statute of limitations for personal injury actions, and Plaintiff's state tort law claims for negligence, false imprisonment, medical battery, and intentional and reckless infliction of emotional distress related to her treatment by Defendant health care professionals at Defendant StoneCrest Medical Center are likewise subject to a one-year statute of limitations. Docket Nos. 7, 8.

As noted by the Court in the initial review, "[t]he Plaintiff alleges that most or all of the events giving rise to her claims took place on April 20, 2017, but she did not file the present lawsuit until April 23, 2018, more than one year later." Docket No. 7. The Court declined to dismiss the claims on initial review based on the fact that the statute of limitation is a waivable affirmative defense which may be subject to tolling or further clarification by the Plaintiff. *Id.*

6

The Defendants filed Motions to Dismiss on the grounds of statute of limitations. Docket No. 22, 38 and 47. The Court ordered the Defendants to submit documentation under seal of the Plaintiff's medical records to establish which actions took place on April 20, 2017. Docket No. 54. The medical records were thereafter filed under seal. Docket No. 55. While the records establish that the Plaintiff was discharged from the hospital on April 21, 2017, they substantiate that the specific factual allegations alleged in the Complaint occurred on April 20, 2017. Docket No. 1, 55. Additionally, all of the claims asserted were known the Plaintiff on April 20, 2017 as evidence by the Complaint itself. Docket No. 1, ¶¶ 4-6.

As required by Fed. R. Civ. P. 56(c) and Local Rule 56.01(b), the Defendants filed a Statement of Undisputed Material Facts indicating that Plaintiff's claims accrued on April 20, 2017 citing the Complaint and medical records. Docket No. 62. In further support of their Motion, the Defendants state the following allegations of wrongdoing explicitly alleged in the Complaint occurred on April 20, 2017 referencing the medical record documenting the allegation.

> 19:34 – Security spoke with the Plaintiff regarding recordings being made on her phone. (*Compare* StoneCrest-034 *with* Compl. at 5.)
>
> 20:21 – The Plaintiff refused to be placed on monitors. (*Compare* StoneCrest- 034 *with* Compl. at 4 (alleging she was not placed on telemetry).)
>
> 21:30 – Dr. Harold Sloas executed a Certificate of Need for Emergency Involuntary Admission based on a "face-to-face" examination of the patient. (*Compare* StoneCrest-002-003 *with* Compl. at 12 and 16-17 (alleging she did not meet the criteria for involuntary admission and that she was falsely imprisoned).)
>
> 21:58 – Ziprasidone[2] administered. (*Compare* StoneCrest-051 *with* Compl. at 10 (alleging the injection of medication violates federal law) and 13-14 (alleging she was forcibly injected with medication).)
>
> 22:07 – The Plaintiff was placed in an observation room for her safety and asked to change into a gown. (*Compare* StoneCrest-034 *with* Compl. at 6 and 9 (alleging that requiring her to change clothes violates the federal law).)

7

> 22:59 – First dose of diazepam administered. (*Compare* StoneCrest-051 *with* Compl. at 6 (alleging she is allergic to diazepam).)

Docket No. 61, p. 3.

Despite being on notice of the pleading deficiencies related to the statute of limitations, Plaintiff did not file an Amended Complaint to clarify or address the statute of limitations issue. Further, she did not respond to the instant Motion or Statement of Undisputed Material Facts to address the statute of limitations concerns despite receiving an extension of time to do so. Under Local Rule 7.01(a)(3) where no timely response is filed, a motion is deemed to be unopposed. Though it is abundantly clear that the statute of limitations may bar the Plaintiff's claims, she has offered no opposition to the contentions her claims arose on April 20, 2017, and are thus barred. The Court has nonetheless reviewed the records in great detail comparing the Plaintiff's specific complaints against the medical records and it appears clear from those records that while the Plaintiff was discharged on April 21, 2017, the majority all of the matters about which she complains occurred on April 20, 2017 and were known to her on that date.

However, one of the actions about which Plaintiff complains is the administration of medication including Diazepam. Docket No. 1, pp. 6, 10. While generally ignored by Defendants, the medical records submitted indicate that on April 21, 2017, "the Plaintiff received additional doses of Diazepam and anti-psychotics overnight. (Stonecrest-051 through 52.)". Docket No. 55. While it would have been helpful for this issue to be more fully developed, in light of this timeline, the undersigned finds that there remain disputed issues of material fact with regard with the statute of limitations issue.

### 2. Federal Claims

Turning instead to the merits, of significance, Title III of the ADA applies to a private

8

entity that owns, leases, or operates a place of public accommodation (including hospitals), and the Rehabilitation Act applies to any program or activity receiving Federal financial assistance; they are not applicable to individuals. 42 U.S.C. § 12181(7)(F); 29 U.S.C. § 794. Accordingly, the individual Defendants are entitled to a judgment as a matter of law on these claims.

Turning next to whether Plaintiff's claims against Defendant StoneCrest under Title III of the ADA and the Rehabilitation Act should be permitted to proceed, Plaintiff has failed to establish that she is entitled to requisite prospective injunctive relief. *See Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 580 (6th Cir. 2014).

As noted by the Court in its initial review of the Complaint, "the allegations pertaining to future injury are somewhat vague." Docket No. 7. The Plaintiff's Complaint alleges, she "is at further risk of her heart condition" and has fears and she will be subjected to "wrong lables (sic) of bipolar and etc. when she must follow orders to return to an emergency." Docket No. 1, p. 10. While the Court concluded that for purposes for initial review, she had standing to seek relief for violations of Title III of the ADA and the Rehabilitation Act against the hospital (Docket No. 7), Plaintiff has failed to produce any specific evidence or allegation of the requisite threat of future injury. She has not established a plausible intent to the return to the alleged noncompliant accommodation or that she would return but is deterred from visiting because of the alleged barriers. In sum, there are not sufficient facts to establish a plausible likelihood that she would surfer future harm especially, considering her inability to establish that she received improper treatment. Defendant StoneCrest is therefore entitled to a judgment as a matter of law on those claims.

### 3. State Claims

Finally, with regard to Plaintiff's state law claims, Plaintiff's state law claims fall within

9

the ambit of the Tennessee Health Care Liability Act, which requires pre-suit Notice and the filing of a Certificate of Good Faith. Tenn. Code Ann. § 29-26-121, *et seq.* Plaintiff has neither filed the requisite pre-suit Notice nor Certificate of Good Faith; she therefore failed to comply with the requirements of the Tennessee Health Care Liability Act.

The Tennessee Health Care Liability Act ("THCLA") imposes procedural requirements on plaintiffs seeking to pursue healthcare liability claims. Before bringing healthcare liability claims in the state of Tennessee, the plaintiff must comply with the requirements of the THCLA. T. C. A. § 29-26-121, *et seq.* It is undisputed that the Plaintiff did not comply with these requirements. Docket No. 62.

A "Health Care Liability Action" is defined as "any civil action . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide health care services to a person, regardless of the theory of liability on which the action is based." T. C. A. § 29-26-101 (a)(1). While the Plaintiff has brought this action under various theories of liability, they are all "related to the provision of, or failure to provide, health care services to a person." § 29-26-101(b) provides:

> [h]ealth care services to persons includes care by health care providers, which includes care by physicians, nurses, licensed practical nurses, pharmacists, pharmacy interns or pharmacy technicians under the supervision of a pharmacist, orderlies, certified nursing assistants, advance practice nurses, physician assistants, nursing technicians and other agents, employees and representatives of the provider, and also includes staffing, custodial or basic care, positioning, hydration and similar patient services.

T.C.A. § 29-26-101(b).

It does not matter what type of claim is involved so long as the injury relates to the provision of health care services. *Id.* § 29-26-101(a)(1).

10

Case 3:18-cv-00386   Document 68   Filed 06/09/20   Page 10 of 12 PageID #: 606

The Defendants allege that the Complaint and the medical records establish that the Plaintiff received health care services from licensed healthcare providers as defined by the Act and that the THCLA applies because "the Complaint indisputability 'relate[s] to the provision of, or failure to provide health care services.'" Docket No. 561, p. 5. They contend that the failure to comply with the requirements of the THCLA "renders the suit subject to dismissal with prejudice pursuant to the unambiguous terms of the Act. *Id.* at p. 8, citing T. C. A. § 29-26-122(c).

As noted throughout, Plaintiff has failed to respond and dispute these facts. Having reviewed the allegations in the Complaint, regardless of the legal theory on which they are based, they all relate to the provision of health care services and are therefore governed by the THCLA. Because the Plaintiff has failed to comply with the requirements of the Act, the Defendants are entitled to a judgment as a matter of law on these claims.

## IV.
## CONCLUSION

For the foregoing reasons, the undersigned finds as follows: (1) Plaintiff's claims are not time-barred; (2) Plaintiff's Title III ADA and Rehabilitation Act claims are applicable only to Defendant StoneCrest, such that the individual Defendants are entitled to a judgment as a matter of law on those claims; (3) Plaintiff has failed to establish that she is entitled to prospective injunctive relief, such that Defendant StoneCrest is entitled to a judgment as a matter of law on Plaintiff's Title III ADA and Rehabilitation Act claims against it; and (4) Plaintiff neither filed the requisite pre-suit Notice nor Certificate of Good Faith; she therefore failed to comply with the requirements of the Tennessee Health Care Liability Act, such that her state law claims are barred and Defendants are entitled to a judgment as a matter of law on those claims. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 60) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**